JORY C. RUGGIERO, ESQ.
DOMENIC A. COSSI, ESQ.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
(406) 587-1900
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN P. MEYER, <br><br> Plaintiff, <br><br> vs. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY, <br><br> Defendant. | Cause No. <br><br> **COMPLAINT and REQUEST FOR JURY TRIAL** |

Plaintiff, by and through his attorney of record, alleges as follows in support of his complaint against Defendant.

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, John P. Meyer, is a resident of Bozeman, Montana.

2. Defendant, UnitedHealthcare Insurance Company, (hereinafter "United"), is a corporation headquartered in Hartford, CT. United is engaged in the business of insurance within the State of Montana.

3. Plaintiff is a proper party with standing to bring this action under 19 U.S.C. § 1132(a)(1)(B), in that the actions of United in administering the health insurance policy it provided to Mr. Meyer have deprived him of benefits under the plan and information related to his claims.

4. Mr. Meyer received treatment relating to the fall in Billings, Missoula and Bozeman, Montana.

5. Jurisdiction and Venue are proper in this Court per 28 U.S.C. § 1331 and 29 U.SC. § 1132(e). The insurance policy at issue was provided to Plaintiff through his employer, Wild Earth Guardians, and is thus governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*

6. United failed to comply with the requirements of 29 U.S.C. § 1132, thus Mr. Meyer has satisfied the requirement to exhaust his administrative remedies.

## II. STATEMENT OF FACTS

7. In December, 2015, John Meyer had a catastrophic fall while skiing in Big Sky, Montana.

8. He was airlifted to Billings, Montana where he underwent emergency surgery to save his life.

9. He was in a coma for four days after the fall and sustained a significant brain injury, multiple other traumas and a broken arm.

10. Mr. Meyer received treatment for his injuries in Billings and then Missoula and Bozeman, Montana.

11. Mr. Meyer's medical bills that he is aware of total $226,783.80.

12. Mr. Meyer has paid over $6,496 out of pocket.

13. United paid $137,517.31 that Mr. Meyer is aware of.

14. Thousands of dollars in medical bills have been sent to collections even though Mr. Meyer believes he paid his deductible, and the remaining medical bills should have been covered by United.

15. Due to his recovery from the coma and resulting brain injury, Mr. Meyer did not have the documents he needed from United to understand if it had processed and paid the bills it should have.

16. On February 1, 2017, Mr. Meyer requested that United send him the following information pursuant to 29 U.S.C. § 1132(c)(1)(B):

- a complete copy of the above-referenced policy/plan document in effect for 2015;

- a copy of any applicable Summary Plan descriptions (summary of benefits and coverage);

- a copy of the declaration page and coverage for the plan and any endorsements in effect during this timeframe;

- all communications/EOB's with all medical providers for 2015-2017;

- a detailed ledger or summary of all services submitted to or paid by United Healthcare to providers that reflects the date of service, any payments made by United Healthcare to providers or any amounts applied to the insured's deductible, co-pays or out of pocket policy limits for 2015-2017;

17. Mr. Meyer requested that the information be sent to his care, but sent to the undersigned law firm.

18. On March 13, 2017, United responded, refusing to send any information unless Mr. Meyer filled out an authorization.

19. On March 31, 2017, Mr. Meyer returned the authorization.

20. To date, United has sent no information in response to Mr. Meyer's request.

## COUNT ONE – Civil Penalties for Defendant's Violation of

## 29 U.S.C. § 1132(c)(1)(B)

21. All previous allegations are incorporated herein.

22. On February 1, 2017, Mr. Meyer requested documents from his file necessary to understand which of his claims had been paid and which had not.

23. United has not responded to this request.

24. The Hartford's delay in sending the requested information violated 29 U.S.C. § 1132(c)(1)(B).

25. Mr. Meyer requests a civil fine against of $110 a day be awarded to him for the dates between March 3, 2017 and when the documents are finally produced pursuant to 29 C.F.R. § 2560.502(c)(1).

## COUNT TWO – Equitable Relief Under 29 U.S.C. § 1132(a)(3)(B)(ii) or

## Federal Common Law

26. All previous allegations are incorporated herein.

27. Mr. Meyer has been unable to determine the status of his medical debt due to United's failure to comply with ERISA.

28. Mr. Meyer requests equitable relief as a plan participant and beneficiary requiring United to comply with the timelines mandated in

ERISA statutes and regulations.

29. Mr. Meyer also requests equitable remedies including, but not limited to, being made whole for benefits he should have received, fees and interested on any debts sent to collection that should have been paid and any other surcharge that is appropriate under the equities of this case.

## IV.  CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Civil penalties pursuant to 29 U.S.C. § 1132(c) and 29 C.F.R. § 2560.502:
2. Equitable relief requiring United to comply with ERISA statutes and regulations, make Mr. Meyer whole for benefits he should have received, and other appropriate surcharge;
3. Attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) or any other relevant authority; and
4. For such other relief as the Court deems just.

DATED this 12th day of July, 2017.

WESTERN JUSTICE ASSOCIATES, PLLC


/s/ Domenci A. Cossi, Esq.
DOMENIC A. COSSI
*Attorneys for Plaintiff*